John S. Devlin III, WSBA No. 23988     Honorable Rosanna Malouf Peterson
Abraham K. Lorber, WSBA No. 40668
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendant
Barclays Bank Delaware

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JENNIFER PARKER, a single person, <br><br> Plaintiff, <br><br> v. <br><br> BARCLAYS BANK DELAWARE, a Delaware chartered bank, <br><br> Defendant. | No. CV-10-05096-RMP <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT BARCLAYS BANK DELAWARE** |

# I. INTRODUCTION

Defendant Barclays Bank Delaware ("Barclays") respectfully requests that the Court dismiss the "Complaint for Violation of 15 USC 1692c(a)(1) and RCW 19.86.020 (amended)" (the "Amended Complaint") of Plaintiff Jennifer Parker ("Plaintiff") in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF BARCLAYS'
MOTION TO DISMISS - 1
No. CV-10-05096-RMP
116589.0308/5045874.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Plaintiff's Amended Complaint alleges that Barclays violated federal and state debt collection statutes. However, Plaintiff fails to allege that Barclays engaged in any wrongful conduct, must less unlawful debt collection. Plaintiff alleges only that she received numerous phone calls from Barclays, but she does not allege the content of any of these communications.

Regardless, federal and state debt collection statutes exempt from regulation first-party creditors collecting their own debts. Plaintiff's only allegation is that Barclays is a Delaware Bank collecting its own debt. Am. Compl. ¶ 1.2. Nowhere does Plaintiff allege that Barclays is a debt collector, or collecting the debt of a third-party. Accordingly, Plaintiff does not state a claim for violation of federal or state debt collection statutes. Consequently, Plaintiff's claim for violation of the Washington Consumer Protection Act ("CPA") fails as well because this claim is derivative of and wholly reliant upon her fair debt collection claims.

Thus, Barclays respectfully requests that the Court dismiss Plaintiff's claims in their entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### FACTUAL SUMMARY

Plaintiff alleges that Barclays contacted her on numerous occasions between April 20, 2010 and April 29, 2010. Am. Compl. ¶ 2.1. Thereafter, Plaintiff blocked Barclays' telephone number, and the communications stopped. *Id*. ¶ 2.2. Barclays allegedly contacted plaintiff again between May 15, 2010

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF BARCLAYS'
MOTION TO DISMISS - 2
No. CV-10-05096-RMP
116589.0308/5045874.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

and May 21, 2010.  *Id*. ¶ 2.3.  Notably, Plaintiff does not allege why Barclays called, or what Barclays discussed with plaintiff.

## II.  ARGUMENT

### A.  Motion to Dismiss Legal Standard

Plaintiff fails to meet the basic pleading standard set forth in Fed. R. Civ. P. 8(a)(2).  To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)[1] (citations omitted).

As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Twombly*, 550 U.S. at 555-56.  In fact, "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[1] The United States Reporter has not yet published *Iqbal*.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF BARCLAYS'
MOTION TO DISMISS - 3
No. CV-10-05096-RMP
116589.0308/5045874.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

mere conclusory statements" do not survive a motion to dismiss. *Iqbal,* 129 S.Ct. at 1949.

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949-50.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*.

It is well established that a court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend where it is clear the amendment would have no purpose. *See Havas v. Thornton*, 609 F.2d 372 (9th Cir. 1979).

Here, Plaintiff has failed to plead facts sufficient to support essential elements of her claims. Accordingly, 12(b)(6) dismissal of these claims is appropriate.

**B.** **Plaintiff Fails to Allege That Barclays is a "Debt Collector" as Defined by the Federal Fair Debt Collection Practices Act.**

United States Code Title 15, Section 1692, the Fair Debt Collection Practices Act ("FDCPA") does not apply to creditors such as Barclays. By its terms, the FDCPA applies only to "debt collectors," which are defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BARCLAYS' MOTION TO DISMISS - 4
No. CV-10-05096-RMP
116589.0308/5045874.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, ***debts owed or due or asserted to be due another***.

15 U.S.C. § 1692k(a); 15 U.S.C. § 1692a(6) (emphasis added).

As is apparent from this definition, the federal FDCPA targets organizations collecting debts on behalf of others (e.g., collection agencies, third party creditors). Courts have consistently held that creditors collecting their own debts fall outside the reach of the federal FDCPA. *See*, *e.g.*, *Lamb v. HSC Real Estate, Inc.*, No. CV-07-0043-E, 2008 WL 467410, *3-4 (E.D. Wash. Feb. 19, 2008) (holding creditor defendant was not a debt collector as defined by the federal FDCPA); *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003); *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) (holding that those who collect in their own name and on behalf of themselves are not subject to the federal FDCPA).

Indeed, the "legislative history of the federal FDCPA indicates conclusively that a debt collector does not include the consumer's creditors." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (referencing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Thus, even the officers and employees of a creditor are expressly exempted from liability under the federal FDCPA for their collection activities on behalf of the creditor. 15 U.S.C. § 1692a(6)(A); *see Aubert*, *supra*, 137 F.3d at 978 (the creditor exemption exists because "creditors are generally presumed to restrain their abusive collection

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF BARCLAYS'
MOTION TO DISMISS - 5
No. CV-10-05096-RMP
116589.0308/5045874.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

practices out of a desire to protect their corporate goodwill").

Here, Plaintiff fails to allege that Barclays is a "debt collector" as defined by the federal FDCPA. There is no allegation that Barclays engaged in debt collection on an account belonging to another creditor or third party. In fact, the only specific allegation against Barclays is that "Defendant-Barclays Bank Delaware (Barclays) is a Delaware charted bank doing business in Kennewick, Washington." Am. Compl. ¶ 1.2.

Moreover, Plaintiff does not allege that her purported telephone conversations with Barclays related to any debt collection activity. Plaintiff merely alleges that Barclays placed "harassing" telephone calls to Plaintiff on various occasions. Compl. ¶ 2.1 ("Defendant-Barclays called Plaintiff-Parker 49 times..."); *Id*. ¶ 2.3 ("the harassing phone calls began again from Barclays....").

Accordingly, Plaintiff does not allege, and frankly cannot allege, that Barclays is a "debt collector" regulated by the statute, and her FDCPA claim should be dismissed without leave to amend.

### C.     Plaintiff Fails to Plead a Plausible Claim for Relief Under the CPA.

Plaintiff also alleges that Barclays violated the CPA, RCW 19.86, *et seq.* as a result of an alleged violation of RCW 19.16.250. Am. Compl. ¶ 3.3. However, this claim fails for the same reason as Plaintiff's FDCPA claim.

Revised Code of Washington 19.16.440 provides:

> The commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 [is] declared to be

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF BARCLAYS'
MOTION TO DISMISS - 6
No. CV-10-05096-RMP

[an] unfair act[] or practice[] . . . for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

This claim fails because Plaintiff cannot meet even the threshold requirement to allege that Barclays is a "licensee or an employee of a licensee," an element required to state a violation of RCW 19.16.250. ("No **licensee or employee of a licensee** shall . . . Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor . . .") (emphasis added). By definition, a party is a "licensee" only if they are also defined as a "collection agency." *See Walcker v. SN Commercial, LLC*, 2006 WL 3192503, *4 (E.D.Wash. Nov. 2, 2006) ("Under the plain meaning of the statute a person would need to meet the definition of a collection agency or an out-of-state collection agency before § 19.16.250 would apply, and before a license would be required."). Indeed, RCW 19.16.100(3)(c) specifically provides that,

> "'collection agency' ***does not mean and does not include*** . . . Any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to: . . . ***banks***.

(emphasis added). In other words, a bank is not considered a "collection agency" where it carries on collection activities in its name and those collection activities are directly related to the bank's business operations. *Id*. Here, Plaintiff alleges that Barclays "is a Delaware chartered bank," but she does not and cannot allege that Barclays was collecting another party's debt. Am. Compl. ¶ 1.2. Accordingly, Barclays cannot be defined as a "collection

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF BARCLAYS'
MOTION TO DISMISS - 7
No. CV-10-05096-RMP
116589.0308/5045874.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

agency", and thus, Barclays also cannot be defined as a "licensee." *See Walcker*, 2006 WL 3192503 at *4.

Because Plaintiff cannot allege that Barclays is a "licensee," Plaintiff fails to allege a violation of Section 19.16.250. As a result, Plaintiff's derivative CPA fails as a matter of law because Plaintiff does not allege predicate unfair or deceptive act. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785, 719 P.2d 531 (1986) (predicate unfair or deceptive act is an essential element of a CPA claim).

Accordingly, Plaintiff's claim for violation of the CPA should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint. Because there is no reasonable possibility that Plaintiff can cure the Amended Complaint's defects by amendment, the Court should dismiss the Amended Complaint without leave to amend.

DATED: March 29, 2011

LANE POWELL PC

By /s/ *John S. Devlin*
John S. Devlin III, WSBA No. 23988
devlinj@lanepowell.com
Abraham K. Lorber, WSBA No. 40668
lorbera@lanepowell.com
Attorneys for Defendant
Barclays Bank Delaware

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF BARCLAYS'
MOTION TO DISMISS - 8
No. CV-10-05096-RMP

116589.0308/5045874.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## Certificate of Service

The undersigned hereby certifies that on the date indicated below, the foregoing document was filed with the Clerk of the Court via the CM/ECF system and served upon the following CM/ECF participant via e-mail:

Robert J. Reynolds
Attorney for Plaintiff Jennifer Parker
514 North 1st Street, Suite A
Yakima, WA 98901
reynoldsrobertj1@qwestoffice.net

SIGNED this 29th day of March, 2011 at Seattle, Washington.


        /s/  Leah Burrus
        Leah Burrus

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BARCLAYS' MOTION TO DISMISS - 9
No. CV-10-05096-RMP
116589.0308/5045874.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107