ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: (509)453-0313
Fax: (509)453-0314

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER PARKER, a single person, | |
| Plaintiff, | NO. CV-10-5096-RMP |
| v. | PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |
| BARCLAYS BANK DELAWARE, a Delaware chartered bank; | |
| Defendants. | |

## **INTRODUCTION**

Jennifer Parker (Parker) is seeking relief for wrongful actions that Barclays Bank Delaware (Barclays) undertook in connection with the collection of a debt. After Parker had defaulted on her payments for her Juniper Bank credit card, Barclays started calling Parker with outrageous frequency. Over the period of approximately 21 days Parker received around 90 calls. Originally, Parker sued NCO Financial due to a misapprehension that NCO Financial was the company

1  calling her.  Once the error was discovered, Barclays, the proper defendant, was
2  substituted for NCO Financial.
3      Parker is alleging three causes of action.  The first is a Fair Debt Collection
4  Practices Act (FDCPA) claim for violation of 15 USC 1692c(a)(1) and 15 USC
5  1692d(5) which governs the timing of collection calls and the frequency of
6  collection calls respectively.  The second is a state law claim under the Washington
7  State Consumer Protection Act and Collection Agency Act (CPA and CAA
8  respectively) RCW 19.86.020 and RCW 19.16.250(12) which also governs the
9  timing and frequency of collection calls.  The third is a state law claim for the tort
10  of intentional infliction of emotional distress.
11
12  **ARGUMENT AND AUTHORITES**
13  **A.   Legal Standard Applicable to Defendants' 12(b)(6) Motion to Dismiss.**
14      Ninth Circuit case law holds that a court should not dismiss a complaint
15  under rule 12(b)(6) unless there is no set of facts, if proven, which would support
16  the cause of action alleged by the plaintiff under any "cognizable legal theory."
17  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
18      Barclays does not contend that the factual pleadings are insufficient to
19  support a typical FDCPA or CAA claim.  Indeed, such an assertion would be
20  difficult to maintain since the Amended Complaint contains reference to the

statutory provisions allegedly violated along with a reasonably detailed account of when and how the specific provision was violated. This would allow a company to inspect its phone logs to determine if the alleged behavior did in fact occur. In fact, this information was sufficiently precise to allow the former incorrect defendant, NCO Financial, to check its database leading to the discovery that the incorrect defendant had been sued.

Since it is implicitly recognized that the factual assertions are sufficient to maintain an FDCPA or CAA against a debt collector, the central question posed by Barclays must be whether a plaintiff must allege that a "debt collector" performed the bad action. Additionally, even if this Court should dismiss the FDCPA and CAA claim it should not dismiss Parker's claim for the intentional infliction of emotion distress since Barclays did not even address this claim.

Finally, even if the first amended complaint which listed Barclays as a defendant may have insufficiently pleaded facts concerning Barclays' behavior, the proposed second amended complaint certainly has sufficient factual allegations to support each of the allegations. Therefore, this Court should reject Barclays' Motion to Dismiss since the proposed amended complaint does have sufficient factual allegations to support the FDCPA claim and CAA claim against Barclays.

## B. Must A Defendant In An FDCPA Claim Or CAA Claim Be A "Debt Collector"?

The crux of Barclays' Motion to Dismiss is concerning whether the FDCPA or CAA has an implicit "debt collector" requirement in order for there to be a valid claim. A close reading of the relevant statutes reveals that this contention must be rejected. Barclays relies on a superficial reading of 15 USC 1692a(6) which states that a debt collector is an entity which, "collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." 15 USC 1692a(6). However, Barclays fails to quote the remaned of the section which states:

> Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, **the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own** which would indicate that a third person is collecting or attempting to collect such debts.

15 USC 1692a(6) (emphasis added). Barclays assumes in its Memorandum that it is not subject to the FDCPA as a matter of law, but this passage makes clear that an originating creditor may still be subject to the FDCPA. Thus there can be no requirement that a plaintiff allege that the defendant is a "debt collector". Case law interpreting what the phrase "uses any name other than his own" means is scant and thus involves questions of law and fact which should not be resolved within a motion to dismiss. 15 USC 1692a(6).

RCW 19.16.100(3)(c) similarly does not exempt any and all creditors from potential liability under the CAA. As was held in *Strasters v. Weinstein & Riley,*

1  *P.S. et al.*, 2010 U.S. Dist. LEXIS 134976 (E.D. Wash Dec. 21, 2010), this

2  exemption only applies when an originator is collecting on its own account

3  receivables.  Thus this exemption does not automatically apply to all the

4  hypothetical businesses listed in the provision.  *Strasters* at 3.  As Barclays points

5  out, RCW 19.16.100(3)(c) states:

> "Collection agency" does not mean and does not include … **any person whose collection activities are carried on in his, her, or its true name** and are confined and are directly related to the operation of a business other than that of a collection agency.

10  (emphasis added).  The bolded language make it clear that there is another

11  prerequisite for this exemption to apply to one of the hypothetical businesses listed,

12  namely, that the business must use its true name in connection which its collection

13  communications.

14  As with the "uses any name other than his own" language, "any person

15  whose collection activities are carried on in his, her, or its true name," is a phrase

16  which has not seen much interpretation and thus involves questions of fact and law

17  which are not appropriate for resolution under a motion to dismiss.

18  **C.    The Exemptions In The FDCPA And CAA Are Defenses, Not Pleading**

19  **Hurdles.**

20  As it is apparent from a close reading the language of the exemptions listed

21  in the FDCPA and CAA, whether a firm is accountable under the FDCPA and

CAA is a question of fact rather than a matter of law. Due to the factual nature of that issue it would be inappropriate to demand that a plaintiff specifically plead that these exemptions do not apply before the plaintiff has the opportunity to engage in discovery.

In the present case there are highly relevant factual issues which the Plaintiff cannot know yet. First, did Barclays in fact originate the debt? Did it deliberately hide its identity? Does it hide its identity in hopes that the lack of disclosure will increase its recovery? Additionally there are important questions about the relationship between Juniper Bank and Barclays Bank Delaware. Are they separate companies or is Juniper Bank a trade name? Is Barclays the parent company of Juniper? Did Barclays disclose the corporate relationship between itself and Juniper at the time Parker obtained the credit card? If a plaintiff must demonstrate that an entity who tried to collect a debt was not exempt under the FDCPA or CAA prior to bringing a claim then it would be impossible for a plaintiff to discover highly relevant facts such as these and would never be able to bring such a claim even if it is valid.

Furthermore, the fact that Congress and the Washington State Legislature felt the need to include these exemptions indicates that they thought there is a baseline assumption that if an entity attempts to collect a debt it should be liable under these statutes. However, for whatever reason, Congress and the Washington

State Legislature did include a defense in the statute which would afford originators some protection provided they meet certain criteria. As such, these exemptions were designed to be defenses rather than pleading hurdles as evidenced by the very fact that they are exemptions.

If this Court should hold that there is no "debt collector" requirement inherent in a FDCPA or CAA case, defendants such as Barclays would still have the ability to bring these cases to a speedy resolution through a summary judgment proceeding. However, this position would allow a plaintiff to discover information vital to his claim. Although Barclays may argue that this hold would encourage frivolous "fishing expeditions" by allowing a plaintiff to perform discovery on a weak claim, the only way that a plaintiff could get that far is if Barclays did in fact engage in behavior which Congress and the Washington State Legislature have condemned as harmful to society.

**D.    The Exemptions For Certain Businesses Found In The FDCPA Does Not Apply To Barclays.**

As discussed above, there is an exemption contained within the FDCPA concerning originators who are collecting their own debts. However, this exemption does not apply to a company who uses a name other than its own. 15 USC 1692a(6). This exception to the exemption prevents Barclays from enjoying

immunity under the FDCPA for two reasons. First, Barclays used a name other than its own when it shrouded its identity in anonymity. Second, Barclays would have used a misleading name when it attempted to collect on the debt in question since the credit card was issued by Juniper Bank, assuming that Juniper Bank is actually a trade name or alter ego of Barclays.

### I. Failure To Disclose Identity Is A Using A False Or Misleading Name.

The question concerning what is considered a false or misleading name under the FDCPA is an issue that has received little in the way of clarification. There are really only two cases which give enough information upon which to form a test. The first of these cases is *Carlson v. Long Island Jewish Medical Center*, 378 F.Supp.2d 128 (E.D.N.Y.2005) which holds that when determining whether a debt collector is using a fictitious name under which to collect its own debt, such that the debt collector would be subject to the FDCPA, even though it is the originator of the debt, the issue is not whether the entity engaged in collection is a separate corporate entity; instead, the issue is whether, under the particular factual circumstances present, the least sophisticated consumer would have the false impression that a third party was collecting the debt. *Carlson* at 132.

This "least sophisticated consumer" standard is clearly meant to be much lower than the more common "reasonable man" standard. Additionally, since it

uses a superlative, it can only mean that if a debt collector/originator engages in behavior which does result in the deception of the consumer then the debt collector/originator is no longer able to enjoy the immunity found in 15 USC 1962a(6). Since Parker was actually misled as to the identity of the debt collector calling her, Barclays' behavior clearly had the capacity to deceive.

Additionally, the court in *Aubert v. American General Finance, Inc.*, 137 F.3d 976, (7th Cir. 1998) stated that the policy reason why Congress gave an exemption to originator who collect in their own name is that "creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill." *Aubert* at 978. However, this intended constraint is no longer efficacious if a debt collector/originator can avoid incurring liability under the FDCPA and avoid incurring corporate ill-will simply by engaging in abusive activities by failing to disclose its identity.

For these reasons, Barclays lack of disclosure amounts to using a false or misleading name for purposes of the FDCPA.

II.     Barclays May Not Have Been The Originator.

Post complaint communication with Barclays' in house counsel has indicated that Barclays was calling Parker in connection with debt incurred on a Juniper Bank credit card. Depending on the relationship between Barclays and

1  Juniper and on the representations made in conjunction with the credit card

2  agreement, Barclays may not actually be the originator of the debt or may have

3  fraudulently misrepresented the identity of the originator.  As such Barclays may

4  not actually be the originator depending on what discovery reveals.

5

6  **E.    The CAA Imposes An Affirmative Duty On A Debt Collector/Originator**

7  **To Reveal Its Identity.**

8      As was stated above, the exemption in the CAA reads in part, "'Collection

9  agency' does not mean and does not include … any person whose collection

10 activities are carried on in his, her, or its true name." RCW 19.16.100(3)(c).  The

11 plain language of this provision is unambiguous.  The only way in which a creditor

12 can collect a debt in its true name is if it actually discloses its identity in

13 connection with the collection attempt.  For this reason, even if Barclays is not

14 liable under the FDCPA, it is still liable under the CAA.

15

16 **F.    Barclays Has Not Moved To Dismiss Parker's Claim For The**

17 **Intentional Infliction Of Emotional Distress.**

18     Finally, this lawsuit should survive a motion to dismiss for failure to state a

19 claim because Barclays has not alleged that there is insufficient pleading to support

20 a cause of action for the intentional infliction of emotional distress.  The tort of the

1  intentional infliction of emotional distress has three elements, 1) outrageous

2  conduct, 2) which is meant to harass or cause emotional distress and 3) results in

3  emotional distress. *Kloepfel v. Bokor*, 149 Wash.2d 192, 195 (Wash. 2003).

4  Additionally, the court in *Kloepfel* held that if the first two elements are proven,

5  the third element can be presumed. *Id*. at 201-202. Thus, it is sufficient that

6  Parker has alleged that Barclays made around 90 calls within a 21 day time period

7  and that these phone calls were made to harass her. Additionally, the Prayer in her

8  complaint specifically request recovery for the intentional infliction of emotional

9  distress. This is sufficient to put Barclays on notice as to the nature of the suit

10 against it.

11  Furthermore, since it would be inappropriate to dismiss Parker's entire claim

12 since one cause of action must survive, there could be no judicial economy in

13 dismissing her other claims rather than allowing her to amend her complaint (if

14 indeed the original pleadings were insufficient).

15 **<u>CONCLUSION</u>**

16  In light of the foregoing, this Court should reject Defendant's Motion to

17 Dismiss for Failure to State a Claim for all counts. First, there is no pleading

18 requirements regarding whether the corporation collecting on a debt is a "debt

19 collector" as defined by 15 USC 1692a(6) or RCW 19.16.100(3)(c) since those

1  provisions are defenses which must be proven by the defense.  Second, if the
2  pleadings are insufficient, the proposed amended complaint does contain sufficient
3  pleadings according to Barclays' demands.  Third, the exemptions listed in 15 USC
4  1692a(6) and RCW 19.16.100(3)(c) do not apply to Barclays.  Fourth, Barclays has
5  not alleged that Parker has insufficiently pled her claim for the intentional
6  infliction of emotional distress and, therefore, this claim must survive.

8  Dated this 13th day of April, 2011.

11  /s/ Robert J. Reynolds
12  Robert J. Reynolds WSBA #5796
13  Attorney for Plaintiff

## Certificate of Service

The undersigned certifies that on April 13, 2011, a copy of the forgoing was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John S. Devlin, devlinj@lanepowell.com

Abraham K. Lorber, lorbera@lanepowell.com

By: s/ Robert J. Reynolds
Robert J. Reynolds WSBA #5796
Attorney for Plaintiff

ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: 509-453-0313 Fax: 509-453-0314