John S. Devlin III, WSBA No. 23988
Abraham K. Lorber, WSBA No. 40668
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendant Barclays Bank Delaware, a Delaware chartered bank.

Honorable Rosanna Malouf Peterson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JENNIFER PARKER, a single person,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE, a Delaware chartered bank,<br><br>Defendant. | No. CV-10-05096-RMP<br><br>BARCLAYS BANK DELAWARE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT |

## I. INTRODUCTION

Plaintiff Jennifer Parker's ("Plaintiff") opposition memorandum is nothing more than a transparent attempt to confuse the issues presented by Barclays Bank Delaware's ("Barclays") motion to dismiss, with the intent of convincing this Court to save for another day claims which are currently ripe for dismissal. In her twelve page opposition memorandum, Plaintiff cites scant

REPLY MEMORANDUM IN SUPPORT OF BARCLAY'S MOTION TO DISMISS - 1
No. CV-10-05096-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0308/5058552.1

legal authority and posits numerous unsupported arguments about the "true" meaning of various statutory provisions. Plaintiff also improperly attempts to introduce new facts through her opposition, which are not alleged in her Amended Complaint ("Complaint"). Plaintiff fails on all accounts. Indeed, federal and state debt collection statutes exempt from regulation first-party creditors collecting their own debts. Nowhere does Plaintiff allege that Barclays is a debt collector, or a collection agency collecting the debt of a third-party. Plaintiff therefore fails to state a claim for violation of federal or state debt collection statutes.

Plaintiff also fails to allege any facts which would cure the deficiencies in her Complaint.[1] It would therefore be futile to permit Plaintiff to amend her Complaint for the second time. Accordingly, this Court should dismiss Plaintiff's entire complaint without leave to amend.

## II. ARGUMENT

### A. Plaintiff Misstates the Legal Standard for a Federal Rule Of Civil Procedure 12(b)(6) Motion to Dismiss.

Plaintiff apparently contends that to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, she must only show that she can prove a

[1] As explained in Barclay's opposition to Plaintiff's Rule 15 Motion to Amend Complaint (ECF No. 23), incorporated herein by reference, Plaintiff's credit card account (the "Account") was issued by Juniper, a division of Barclays Bank Delaware. Any attempt by Barclays to collect an amount owing on the Account is therefore exempt from regulation by both the federal Fair Debt Collection Practices Act, and the Washington Debt Collection Act. Indeed, both statutes contain an identical provision which exempts from regulation, "Any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." 15 U.S.C. § 1692a(6)(B); RCW 19.16.100(3)(f).

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

cause of action under some theoretical set of facts, even if those facts are not alleged in her Complaint. Opposition ("Opp.") at 2:14-17. Plaintiff is wrong. It is well-established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949-50. Indeed,

> A claim has facial plausibility when the plaintiff ***pleads*** factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.*

Accordingly, a court considering a Rule 12(b)(6) motion to dismiss must assess the facts alleged in the plaintiff's complaint, and determine if those facts are sufficient to establish that Plaintiff is entitled to relief. In this case, Plaintiff's Complaint contains no factual allegations which support an inference that Barclays engaged in any wrongful conduct, and her Complaint therefore fails to state a claim upon which relief can be granted.

**B. To Plead a Violation of The Federal Fair Debt Collection Practices Act, a Plaintiff Must Allege That the Defendant is a "Debt Collector" or a Creditor Collecting Its Own Debts Under a Different Name.**

Without citing any legal authority, Plaintiff apparently argues that the exemptions listed in the Fair Debt Collection Practices Act ("FDCPA") for creditors are defenses rather than pleading requirements. Opp. at 5:18-6:1. Plaintiff again is wrong, and she ignores court opinions decided as recently as four weeks ago by this Court's sister district in which the court dismissed the plaintiff's FDCPA claim because the FDCPA does not apply to creditors

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

collecting their own debts. *Segle v. PNC Mortg.*, No. 10–5655-RJB, 2011 WL 1098936, *7 (W.D. Wash. Mar. 25 2011) (Granting motion to dismiss and denying leave to amend, because "[t]he law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors . . . , or any assignee of the debt.'").

The FDCPA applies only to those individuals who are defined as a "debt collector." The FDCPA specifically defines the term debt collector as,

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, ***debts owed or due or asserted to be due another*** . . . the term [also] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6) (emphasis added).

Here, the only specific allegation against Barclays is that "Defendant-Barclays Bank Delaware (Barclays) is a Delaware charted bank doing business in Kennewick, Washington." Compl. ¶ 1.2. Plaintiff does not allege that Barclays engaged in debt collection on an account belonging to another creditor or third party. Plaintiff similarly fails to allege that Barclays collected its own debts while using a name other than its own. Plaintiff therefore fails to allege that Barclays is a "debt collector" as defined by the federal FDCPA.

Accordingly, Plaintiff does not allege, and as evidenced by her proposed second amended complaint, cannot allege, that Barclays is a "debt collector" regulated by the statute, and her FDCPA claim should be dismissed without leave to amend.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

**C. <u>Plaintiff Fails to Allege that Barclays Violated RCW 19.86.020</u>.**

Plaintiff similarly fails to allege any facts which create a reasonable inference that Barclays violated RCW 19.16.250, and therefore committed a violation of Washington's Consumer Protection Act, codified at RCW 19.86.010, *et seq*. *See, e.g.*, Compl. ¶ 3.3.

Pursuant to RCW 19.16.100, a "collection agency" is defined as any person who collects or attempts to collect "claims owed or due or asserted to be owed or due another person . . . [or] collecting his or her own claim [and] uses a fictitious name or any name other than his or her own . . ." RCW 19.16.100(2)(a), (c).

In this case, Plaintiff's Complaint does not allege that Barclays was collecting a debt on behalf of any other party. Instead, Plaintiff alleges only that "Defendant-Barclays Bank Delaware (Barclays) is a Delaware charted bank doing business in Kennewick, Washington." Compl. ¶ 1.2. Plaintiff further admits in her opposition that Section 19.86.020 is inapplicable "when an originator is collecting on its own account receivables" in its own name. Opp. at 5:2-3. Based on the allegations in the Complaint, and Plaintiff's failure to allege that Barclays is anything other than an originating creditor, Plaintiff fails to establish that Barclays is included in the statute's definition of a "collection agency." Because Plaintiff fails to allege that Barclays is a "collection agency" regulated by this statute, her claim for violation of Section 19.86.020 necessarily fails.

**D. <u>Plaintiff Fails to Allege a Cause Of Action for Intentional Infliction of Emotional Distress</u>.**

Plaintiff's final argument is that even if her statutory claims fail, she should still be permitted to maintain her cause of action for intentional infliction

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

of emotional distress ("IIED"). A close reading of the Complaint reveals that Plaintiff did not allege an IIED cause of action. In fact, the section labeled "**CLAIMS**" in Plaintiff's Complaint does not even contain the words "emotional distress." Plaintiff instead alleges only that Barclays engaged in conduct "with the intent to harass and annoy" Plaintiff. Compl. ¶ 3.2. The first time Plaintiff even mentions emotional distress is in the fourth paragraph of her prayer for relief.

Plaintiff's failure to allege an IIED claim in her Complaint is further highlighted by Plaintiff's inclusion of Paragraph 3.8 in her proposed second amended complaint, in which she attempts to explicitly allege a claim for IIED. [ECF. No. 23, Motion for Leave to Amend, Exhibit A.] Plaintiff's attempt to convince this Court that she alleged an IIED claim in the Complaint is no doubt an eleventh-hour attempt to preserve a Complaint which otherwise fails to allege a single cause of action against Barclays. Because Plaintiff failed to give Barclays proper notice of an IIED claim under Federal Rule of Civil Procedure 8(a), this Court should reject Plaintiff's attempt to insert such a claim through her opposition memorandum, and dismiss Plaintiff's entire Complaint.

## III. CONCLUSION

For the foregoing reasons, Barclays respectfully requests that the Court dismiss Plaintiff's Complaint. Because there is no reasonable possibility that Plaintiff can cure the Complaint's defects by amendment, the Court should dismiss the Complaint without leave to amend.

/ / /

/ / /

/ / /

/ / /

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Respectfully submitted this 27th day of April, 2011.

LANE POWELL PC

By s/ Abraham K. Lorber
John S. Devlin III, WSBA No. 23988
Email: devlinj@lanepowell.com
Abraham K. Lorber, WSBA No. 40668
Email: lorbera@lanepowell.com

Attorneys for Defendant
Barclays Bank Delaware

REPLY MEMORANDUM IN SUPPORT OF
BARCLAY'S MOTION TO DISMISS - 7
No. CV-10-05096-RMP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

116589.0308/5058552.1

**CERTIFICATE OF SERVICE**

I, Lorrie A. Salinas, hereby certify that on April 27, 2011, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following participant(s):

Robert J. Reynolds
Attorney for Plaintiff Jennifer Parker
514 North 1st Street, Suite A
Yakima, WA 98901
Email: reynoldsrobertj1@qwestoffice.net

DATED this 27th day of April, 2011 at Seattle, Washington.

s/Lorrie A. Salinas
Lorrie A. Salinas

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107