UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER PARKER, a single person;<br><br>Plaintiff,<br>v.<br><br>BARCLAYS BANK DELAWARE, a Delaware chartered bank;<br><br>Defendant. | NO: CV-10-5096-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

Before the Court is Defendant Barclays Bank Delaware's ("Barclays") Motion to Dismiss, ECF No. 19. Also before the Court is Plaintiff's Motion to Amend Complaint, ECF No. 23. The Court has reviewed the First Amended Complaint, ECF No. 13, the Motion to Dismiss, ECF No. 19, Defendant's Memorandum in Support, ECF No. 21, Plaintiff's Memorandum in Opposition, ECF No. 22, Defendant's Reply, ECF No. 31, Plaintiff's Motion to Amend Complaint, ECF No. 23, Defendant's Memorandum in Opposition, ECF No. 29,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 1

the Declaration of Jason Swift, ECF No. 30, the file and pleadings and is fully informed.

## BACKGROUND

Plaintiff Jennifer Parker filed her original complaint on August 13, 2010 alleging that NCO Financial Systems, Inc. had violated the Fair Debt Collection Practices Act ("FDCPA") by repeatedly calling Ms. Parker within a short period of time and calling before eight a.m. ECF No. 1. On January 11, 2011, Ms. Parker moved the Court for leave to amend her complaint and to dismiss defendant NCO Financial Systems, Inc. ECF No. 10. The Court granted Ms. Parker's motion and dismissed NCO Financial Systems, Inc. with prejudice. ECF No. 12.

Ms. Parker then filed her First Amended Complaint in which she alleged that Barclays Bank Delaware violated the FDCPA and the Washington State Consumer Protection Act ("WSCPA") by repeatedly calling Ms. Parker. ECF No. 13. The First Amended Complaint also sought damages for intentional infliction of emotional distress. ECF No. 13 at 4.

Barclays Bank Delaware filed a Motion to Dismiss the First Amended Complaint on March 29, 2011 asserting that Ms. Parker had failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Two weeks later, Ms. Parker filed a Motion to Amend Complaint and attached a copy of her proposed second amendment complaint. ECF No. 23.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 2

# DEFENDANT'S MOTION TO DISMISS

**Standard for Dismissal**

A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court may dismiss a complaint on motion by the defendant where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, "[r]ule 8(a) 'does not impose a probability requirement at the pleading state; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the

allegations." *Starr v. Baca*, 633 F.3d 1191, 1205 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

**Fair Debt Collection Practices Act Claims**

In her First Amended Complaint, ECF No. 13, Ms. Parker makes two claims under the FDCPA. First, she asserts that the defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Ms. Parker outside of the legally allowed timeframe of between 8 a.m. and 9 p.m. Second, she asserts that the Defendant violated § 1692d(5) by continuously calling Ms. Parker with the intent to harass and annoy.

Under section 1692c(a)(1), a debt collector may not communicate with a consumer in connection with debt collection at any unusual time without first getting consent from the consumer or express permission from a court. § 1692c(a)(1). Absent "knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location." *Id.*

Under section 1692d(5), a debt collector may not "[c]aus[e] a telephone to ring or engag[e] any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" in connection with collection of a debt. § 1692d(5).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 4

Both sections 1692c and 1692d apply only to debt collectors. *See* §§ 1692c, 1692d. A "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

§ 1692a(5). The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* § 1692a(5)(A). Nor does the term include:

> any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

*Id.* §1692a(5)(B).

The Defendant argues that Plaintiff's First Amended Complaint, ECF No. 13, fails to state a claim as required by Rule 8(a). The Defendant contends that the First Amended Complaint is deficient because: (1) the complaint alleges only that the Plaintiff received numerous phone calls from the Defendant and does not identify the content of those phone calls; and (2) the complaint does not allege that the Defendant is a debt collector.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 5

1   The Plaintiff counters that dismissal is inappropriate under Rule 12(b)(6)
2   "unless there is no set of facts, if proven, which would support the cause of action
3   alleged by the plaintiff under any 'cognizable legal theory.'" ECF No. 22 at 2
4   (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).
5   The Plaintiff asserts that the complaint has identified the legal theories and events
6   at issue and thus satisfies the notification purpose of Rule 8(a).

7   It is apparent that the Plaintiff's argument relies on the incorrect standard for
8   reviewing whether a complaint has stated a claim for relief. The "'no set of facts'"
9   language relied upon by the Plaintiff found its origin in the case of *Conley v.*
10  *Gibson*, 355 U.S. 41(1957), and has been expressly retired by the United States
11  Supreme Court. *Twombly*, 550 U.S. at 563. The current standard for determining
12  whether a complaint can withstand a Rule 12(b)(6) motion to dismiss is whether
13  the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a
14  claim of relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting
15  *Twombly*, 550 U.S. at 570).

16  Here, the First Amended Complaint, ECF No. 13, asserts only that Barclays,
17  a bank, repeatedly called Ms. Parker. While such conduct may be consistent with
18  liability under the FDCPA, it is insufficient "factual content [to] allow[] the court
19  to draw the reasonable inference that [Barclays] is liable for the misconduct
20  alleged." *Id.* at 1949. Accordingly, the Complaint fails to state a claim under the

FDCPA, and the FDCPA claims must be dismissed. Because the FDCPA claims provide the sole basis for federal jurisdiction, the Court declines to address whether the complaint sufficiently alleges the Plaintiff's state law claims.

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Where a party may not amend a pleading as a matter of right, the party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). While Rule 15 prescribes a liberal standard for when leave to amend should be given, there are factors that weigh against granting leave including "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Amendment is futile where the proposed amended complaint would still be subject to dismissal for failure to state a claim. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980)).

The Plaintiff's First Amended Complaint failed to state a claim because it did not allege sufficient facts to establish with plausibility that Barclays was a debt collector. In her proposed second amended complaint, the Plaintiff hopes to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 7

1  remedy that deficiency by alleging (1) that Barclays failed to identify itself in

2  attempting to collect from her, causing her to misapprehend who was attempting to

3  collect from her, and (2) that Barclays is a bank that repeatedly called her in an

4  attempt to collect on a Juniper Bank credit card.  ECF No. 23-1 at 3-4.

5       Under the FDCPA, the definition of debt collector includes creditors "who,

6  in the process of collecting [their] own debts, use[] any name other than [their]

7  own which would indicate that a third person is collecting or attempting to collect

8  such debts." 15 U.S.C. § 1692a(6).  The Plaintiff asserts that the failure of a

9  creditor to identify itself at all can meet the requirements of this section.  Because

10 the proposed second amended complaint alleges that Barclays failed to identify

11 itself, the Plaintiff alleges that Barclays would be a creditor for the purposes of the

12 FDCPA whether or not Barclays was collecting its own debts or the debts of

13 another.

14      The Ninth Circuit has not yet interpreted the language cited above.

15 However, to this Court it seems plain that a creditor must "use[] any name other

16 than their own" in order to qualify as a debt collector.  *Id.* § 1692a(6).  Here, there

17 is no allegation that Barclays has used a name other than its own.  Accordingly, if

18 Barclays was acting as a creditor when it called the Plaintiff, it would not be

19 subject to the requirements of the FDCPA.

20

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 8

However, if Barclays was collecting a debt on behalf of another, it would be a debt collector for the purposes of the FDCPA. *Id.* § 1692a(6). Taken in the light most favorable to the Plaintiff, the allegation that Barclays was collecting on behalf of Juniper Bank credit card gives rise to no inference that Barclays and Juniper are related entities. It is therefore a natural conclusion that Barclays is collecting on behalf of a separate entity, Juniper. To refute this basis for concluding that Barclays is a debt collector, Barclays has filed what purports to be a copy of the credit card agreement provided to the Plaintiff along with her Juniper credit account. ECF No. 30 at 2, 5-17. The credit card agreement plainly and conspicuously states on the front page that the "Juniper Visa is issued by the Juniper Division of Barclays Bank Delaware."

While the credit card agreement, if taken as true, would preclude this Court from finding that Barclays was collecting a debt on behalf of another, the Court may not consider the credit card agreement at this time. The question before the Court is whether the proposed amended complaint would survive a Rule 12(b)(6) motion. On a motion for dismissal under Rule 12(b)(6), "'[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). The only exceptions to this rule are that: (1) a court may consider material attached to the complaint or material of uncontested authenticity that is necessarily relied on

by the complaint; and (2) the court may consider information that may be judicially noticed. *Id.* at 688-89.  The credit card agreement is neither attached to the complaint nor relied upon by it, and the Court cannot take judicial notice of the credit card agreement.  Accordingly, the agreement may not be considered by this Court for the purposes of determining whether the proposed second amended complaint would survive a Rule 12(b)(6) motion.  Without the agreement, there is nothing to suggest that Barclays Bank Delaware is in any way connected to Juniper Bank.  Accordingly, the Plaintiff's proposed amended complaint has made a sufficient showing to survive a Rule 12(b)(6) motion.

## CONCLUSION

The First Amended Complaint failed to allege sufficient facts to state a claim under Rule 8(a).  However, leave to amend the complaint should be granted because the proposed second amended complaint alleges sufficient facts to establish a plausible claim under the FDCPA.  While facts outside the complaint may foreclose those claims, the appropriate means by which such facts should be introduced is through a summary judgment motion, and the Plaintiff should have an opportunity to challenge the Defendant's factual submissions.

Accordingly, **IT IS HEREBY ORDERED**:

    1. The Defendant's Motion to Dismiss, **ECF No. 19**, is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 10

2. The Plaintiff's Motion to Amend Complaint, **ECF No. 23**, is **GRANTED**.

3. The Plaintiff shall file her Second Amended Complaint within 10 days of the entry of this Order.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 12th day of July, 2011.

    *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge