UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER PARKER, a single person,<br><br>    Plaintiff,<br><br>  v.<br><br>BARCLAYS BANK DELAWARE,<br><br>    Defendant. | NO:  CV-10-5096-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE AND DENYING PLAINTIFF'S MOTION TO DISMISS CLAIM AND TRANSFER REMAINING CLAIMS |

Before the Court are Plaintiff Jennifer Parker's Motion to Expedite, ECF No. 43, and Motion to Dismiss Claim and Transfer Remaining Claims, ECF No. 40. The Court has reviewed the pleadings and the file and is fully informed.

The Plaintiff filed the instant motions on August 24, 2011.  In her memorandum in support of the motion to dismiss and transfer, the Plaintiff argues that this Court lost subject matter jurisdiction when it dismissed her amended complaint and that the Court should transfer this action to Yakima County Superior

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE AND DENYING PLAINTIFFS MOTION TO DISMISS CLAIM AND TRANSFER REMAINING CLAIMS ~ 1

Court. ECF No. 41. At the time of this Order's drafting, the Defendant has not responded to the Plaintiff's motion.

Where a complaint states both federal and state law claims, a district court has original jurisdiction over the claims arising under federal law, 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over the state-law claims where such claims form part of the same case or controversy as the claims arising under federal law, 28 U.S.C. § 1367. If the federal claims are later dismissed from the action leaving only the pendent state-law claims, the district court may decline to exercise jurisdiction and dismiss the state-law claims without prejudice. § 1367(c)(3). While the district court is not compelled to decline jurisdiction, in a typical case the balance of policy concerns will support declining jurisdiction. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). The district court's decision whether to exercise jurisdiction is purely discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009).

If the Plaintiff was correct and there were no federal claims remaining in this case, the Court would still have discretion to exercise jurisdiction over the pendent state-law claims. However, in the order dismissing the Plaintiff's first amended complaint, the Court granted the plaintiff leave to file an amended complaint. ECF No. 34. The Court scrutinized the Plaintiff's proposed amended complaint and

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE AND DENYING PLAINTIFFS MOTION TO DISMISS CLAIM AND TRANSFER REMAINING CLAIMS ~ 2

determined that the proposed amended complaint stated a claim under the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 34 at 10. The Plaintiff has since filed that proposed complaint as her Second Amended Complaint. ECF No. 35. Accordingly, the plaintiff currently has a pending claim under the FDCPA. ECF No. 35. The Plaintiff's state-law claims arise out of a common nucleus of operative fact and are properly before the Court under the Court's supplemental jurisdiction. § 1367(a). Therefore, the Court has subject matter jurisdiction over all of the claims.

The Plaintiff next requests that this Court transfer the case to the Yakima County Superior Court. A district court may transfer a case to another federal district court in some circumstances under 28 U.S.C. § 1404. However, that statute does not allow for transfers to a state court. *See id.* There are some circumstances where a district court may remand a case to state court if that case was removed from that state court in the first place. 28 U.S.C. § 1447(c). However, the Plaintiff filed the present action in this Court. *See* ECF No. 1. The Court is unaware of any authority under which it might transfer a case to state court. Accordingly, the Plaintiff's request is denied.

In light of the foregoing, **IT IS HEREBY ORDERED:**

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE AND DENYING PLAINTIFFS MOTION TO DISMISS CLAIM AND TRANSFER REMAINING CLAIMS ~ 3

1 | 1. There being good cause to expeditiously address this matter, the Plaintiff's Motion to Expedite, **ECF No. 43**, is **GRANTED**. The Motion to Dismiss Claim and Transfer Remaining Claims will be heard without oral argument on September 2, 2011.

2. The Plaintiff's Motion to Dismiss Claim and Transfer Remaining Claims, **ECF No. 40**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 2nd of September, 2011.

                    *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
             Chief United States District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE AND DENYING PLAINTIFFS MOTION TO DISMISS CLAIM AND TRANSFER REMAINING CLAIMS ~ 4