1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

| | |
|---|---|
| JENNIFER PARKER, a single person,<br><br>                     Plaintiff,<br>   v.<br><br>BARCLAYS BANK DELAWARE, a<br>Delaware chartered bank,<br><br>                   Defendant. | NO:  CV-10-5096-RMP<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS |

12

13

14

     Before the Court is the Defendant's Motion to Dismiss, ECF No. 38.  The

Court has reviewed the pleadings and the file and is fully informed.

**BACKGROUND**

15

16

17

18

19

20

     In its motion, the Defendant, Barclays Bank Delaware ("Barclays"), seeks

dismissal arguing that it is a creditor that is not subject to the Fair Debt Collection

Practices Act ("FDCPA"), the Washington Collection Agency Act ("WCAA"), or

the Washington Consumer Protection Act ("WCPA").  This motion echoes

Barclays' earlier motion to dismiss, ECF No. 19.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1    In its first motion, Barclays' argued that the Plaintiff's complaint failed to

2    state a claim because the sparse factual allegations failed to allege that Barclays

3    was a debt collector.  ECF No. 21 at 2.  In response, the Plaintiff, Jennifer Parker,

4    sought to amend her complaint to correct the defect.  ECF No. 23.  Barclays'

5    opposed the amendment arguing that such amendment would be futile because the

6    proposed amended complaint failed to state a claim.  ECF No. 29.  The Court

7    granted Barclays' Motion to Dismiss and dismissed the Ms. Parker's original

8    complaint, concluding that Ms. Parker had failed to allege that Barclays was a debt

9    collector as required to state a claim under the Fair Debt Collection Practices Act

10    ("FDCPA").  ECF No. 34.  However, the Court granted Ms. Parker leave to file her

11    amended complaint.  ECF No. 34.  In so holding, the Court found that Ms. Parker's

12    amended complaint stated a cause under the FDCPA because:

13    
14
15
> Taken in the light most favorable to the Plaintiff, the allegation [contained in the proposed amended complaint] that Barclays was collecting on behalf of Juniper Bank . . . gives rise to no inference that Barclays and Juniper are related entities.  It is therefore a natural conclusion that Barclays is collecting on behalf of a separate entity, Juniper.

16
17    ECF No. 34 at 9.  By collecting on behalf of a separate entity, Barclays was acting

18    as a debt collector.  The Defendant responded by pointing to a credit card

19    agreement that the Defendant asserted was the same agreement signed by Ms.

20    Parker.  ECF No. 30 at 2.  The agreement identified Barclays and Juniper as one

and the same.  ECF No. 30 at 5-17.  However, as the motion was brought under

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

Rule 12(b)(6), the Court could not consider the agreement without converting the motion into one for summary judgment.  Fed. R. Civ. P. 12(d).  The Court noted that "[w]hile the credit card agreement, if taken as true, would preclude this Court from finding that Barclays was collecting a debt on behalf of another, the Court may not consider the credit card agreement at this time."  ECF No. 34 at 9.  As a result, the Court granted leave to file the proposed amended complaint.  Ms. Parker filed her Second Amended Complaint six days later.  ECF No. 35.

After Ms. Parker filed her Second Amended Complaint, Barclays again moved for dismissal, ECF No. 36.  The present motion to dismiss raises the same arguments addressed in the Court's prior order.  However, in support of the present motion, Barclays has filed a declaration requesting the Court to take judicial notice of a May 25, 2006, filing with the Delaware Secretary of State by Juniper Bank formally changing its name to Barclays Bank Delaware.  ECF No. 39.  Barclays argues that because the Court can take judicial notice of the document, the Court may consider the document in ruling on a Rule 12(b)(6) motion.  Ms. Parker has not responded to the instant motion.

## APPLICABLE LAW

A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a court may dismiss a complaint on motion by the defendant where the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  However, "[r]ule 8(a) 'does not impose a probability requirement at the pleading state; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Starr v. Baca*, 633 F.3d 1191, 1205 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

On a motion for dismissal under Rule 12(b)(6), "'[r]eview is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)).  The

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

only exceptions to this rule are that: (1) a court may consider material attached to the complaint or material of uncontested authenticity that is necessarily relied on by the complaint; and (2) the court may consider information that may be judicially noticed. *Id.* at 688-89.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Where a party requests that a court take judicial notice and supplies the court with the necessary information, the court shall take judicial notice. Fed. R. Evid. 201(d).

## DISCUSSION

**Judicial Notice**

The Court takes judicial notice of the fact that Juniper Bank and Barclays Bank Delaware are the same company based on the information contained in the May 25, 2006, Certificate of Amendment of Articles of Association of Juniper Bank filed with the Delaware Secretary of State. The Court concludes that the certificate is a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For the purpose of judicial notice, the Court finds the certificate is the type of source that this circuit considers appropriate for judicial notice. *See e.g.*, *Grassmueck v. Barnett*, 281 F. Supp. 2d 1227, 1232 (W.D. Wash. 2003) ("As certified public records kept by the Secretaries of State in Washington and

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

Delaware, the Articles fall directly into the category of items that the Ninth Circuit generally considers proper for judicial notice.").

**Fair Debt Collection Practices Act Claims**

In her Second Amended Complaint, Ms. Parker makes two claims under the FDCPA: (1) that Barclays called at an unusual time in violation of 15 U.S.C. § 1692c(a)(1), and (2) that Barclays called repeatedly in violation of 15 U.S.C. § 1692d(5). As this Court noted in its prior order to dismiss, sections 1692c(a)(1) and 1692d(5) do not apply to creditors collecting their own debts in their own name. *See* §§ 1692a(5), 1692c, 1692d.

This Court has already held that Ms. Parker's amended complaint fails to state a claim on a theory that Barclays used a different name in collecting its debt. ECF No. 34 at 8. In light of the fact that the Court has now taken judicial notice of Barclays and Juniper being one and the same, the Court concludes that Ms. Parker has failed to state a claim under the FDCPA because the complaint fails to allege that Barclays was acting as a debt collector.

**State Law Claims**

Ms. Parker claims that Barclays violated RCW 19.16.250(13),[1] and by extension RCW 19.86.020,[2] by repeatedly calling Ms. Parker in an attempt to

---

[1]The second amended complaint, ECF No. 34, cites to RCW 19.16.250(12). However, RCW 19.16.250(12) prohibits a debt collector from contacting a debtor

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

collect a debt and by calling outside of the allowed timeframe of 7:30 a.m. to 9:00

p.m.  ECF No. 35 at 4.

RCW 19.16.250 provides that:

No licensee or employee of a licensee shall:

* * *

(13) Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency, by threats of force or violence, by threats of criminal prosecution, and by use of offensive language. A communication shall be presumed to have been made for the purposes of harassment if:

> (a) It is made with a debtor or spouse in any form, manner, or place, more than three times in a single week, unless the licensee is responding to a communication from the debtor or spouse;

> (b) It is made with a debtor at his or her place of employment more than one time in a single week, unless the licensee is responding to a communication from the debtor;

> (c) It is made with the debtor or spouse at his or her place of residence between the hours of 9:00 p.m. and 7:30 a.m. A call to a telephone is presumed to be received in the local time zone

---

directly after the debt collector has been notified in writing by an attorney for the

debtor that all communications regarding a claim should be addressed to the attorney.  The

appropriate section addressing harassment is RCW 19.16.250(13).

[2]A violation of RCW 19.16.250 is a per se violation of RCW 19.86.020.

RCW 19.16.440.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

to which the area code of the number called is assigned for landline numbers, unless the licensee reasonably believes the telephone is located in a different time zone. If the area code is not assigned to landlines in any specific geographic area, such as with toll-free telephone numbers, a call to a telephone is presumed to be received in the local time zone of the debtor's last known place of residence, unless the licensee reasonably believes the telephone is located in a different time zone.

A licensee is defined as "any person licensed under this chapter." RCW 19.16.100(9). Chapter 19.16 RCW's licensing requirement applies to "collection agenc[ies]" or "out-of-state collection agenc[ies]" RCW 19.16.110. Accordingly, the restrictions contained in RCW 19.16.250(13) apply to collection agencies.

A "collection agency" means and includes:

(a) Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person;

(b) Any person who directly or indirectly furnishes or attempts to furnish, sells, or offers to sell forms represented to be a collection system or scheme intended or calculated to be used to collect claims even though the forms direct the debtor to make payment to the creditor and even though the forms may be or are actually used by the creditor himself or herself in his or her own name;

(c) Any person who in attempting to collect or in collecting his or her own claim uses a fictitious name or any name other than his or her own which would indicate to the debtor that a third person is collecting or attempting to collect such claim.

RCW 19.16.100(2).

Accordingly, RCW 19.16.250(13), like the FDCPA, applies only to parties collecting debts on behalf of third-party creditors or parties collecting

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

their own debts while using a fictitious name. The complaint does not allege that Barclays used a fictitious name when attempting to collect from Ms. Parker, and, in light of the Court's taking judicial notice that Barclays and Juniper are one and the same, the Complaint fails to allege that Barclays was collecting a debt on behalf of a third-party. *See* ECF No. 35. Therefore, the complaint fails to state a claim under RCW 19.16.250(13).

**Leave to Amend the Complaint**

"Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (2008) (internal quotations omitted). The present complaint is the third complaint and second amended complaint in this action. The instant complaint was filed in response to Barclays' previous motion to dismiss. The gravamen of Barclays' previous motion to dismiss was that Ms. Parker had failed to allege that Barclays was a debt collector. This Court granted leave to amend the complaint to remedy the earlier complaint's failure to allege sufficient facts to establish that Barclay's was a debt collector. This instant motion to dismiss is based on the second amended complaint's continued failure to allege that Barclays is a debt collector. In light of the Court's having taken judicial notice of Barclays' May 25, 2006, Certificate of Amendment of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 9

Articles of Association of Juniper Bank filed with the Delaware Secretary of State supporting that Barclays and Juniper Bank are one and the same, the Court finds that further amendments could not cure the instant deficiency. As a result, the case is dismissed with prejudice and without leave to amend.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Defendant's Motion to Dismiss, **ECF No. 36**, is **GRANTED**.

2.  The above-captioned action is **DISMISSED WITH PREJUDICE** and without costs to either party.

3.  **JUDGMENT** shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to **CLOSE** this file.

**DATED** this 9th of January 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge


ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 10